IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWIN OLAND ANDRUS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-01815-B (BT) |
| | § | |
| SHAWN SALES, DIRECTOR OF | § | |
| VOLUNTEERS OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* litigant Edwin Oland Andrus—who was housed in a Bureau of Prisons (BOP) residential reentry center when he filed this action but has since been released from custody—seeks federal habeas relief under 28 U.S.C. § 2241, claiming that he is being unconstitutionally denied access to the internet. For the reasons below, the Court should dismiss Andrus's habeas application for lack of subject matter jurisdiction.

## Background

A jury in the Southern District of Texas convicted Andrus of one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Edwin Oland Andrus*, No. 5:17-cr-00078-1 (S.D. Tex. Apr. 18, 2017); Doc. No. 57.[1] The court sentenced him to one-hundred-twenty months'

---

[1] Citations to the docket sheet in Andrus's Southern District of Texas criminal proceeding are preceded with "Doc. No." Citations to the docket sheet in this habeas proceeding are preceded with "ECF No."

imprisonment, followed by seven years of supervised release. Doc. No. 82. A term of his supervised release prohibits internet access "except for reasons approved in advance by the probation officer." Doc. 82 at 4. Andrus later moved in the Southern District of Texas to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that (1) the court erred by denying his motion to dismiss the indictment; (2) the rule of lenity should have been applied in his favor; (3) his counsel rendered ineffective assistance by failing to raise an entrapment defense; and (4) his conviction violated the Tenth Amendment. Doc. No. 98 at 2. The court denied Andrus's motion as untimely. *See id.* at 1.

On July 12, 2024, Andrus filed a 28 U.S.C. § 2241 habeas application in this Court. ECF No. 3; ECF No. 4. He claims that the Volunteers of America, the entity administering his residential reentry center, unconstitutionally restricted his internet access. ECF No. 3 at 2. He also claims that the condition of his supervised release limiting his internet access violates a recent Fifth Circuit case, *United States v. Becerra*, 835 F. App'x 751 (5th Cir. 2021) (per curiam), which addressed the legality of a ten-year blanket ban on internet access as a condition of supervised release. ECF No. 4 at 9. He asks the Court to "lift" the internet restriction. ECF No. 3 at 7.

The Government argues that Andrus's petition is moot because he seeks access to the internet in his residential reentry facility, but he was recently released from that facility and—from BOP custody—and has therefore received all the relief

that this Court could give him. ECF No. 10. The Government asks the Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(1). ECF No. 10.

## Legal Standards and Analysis

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citations omitted). If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. *AMA v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). A case is moot when the court can no longer grant any effectual relief. *See Montient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008).

To the extent that Andrus seeks relief related to a condition of his confinement in a BOP residential reentry facility, the request—in addition to being improperly sought in a § 2241 habeas application—is moot.[2] Andrus has been released from BOP custody, and the prisoner's release from the allegedly offending

---

[2] Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). So, Andrus should have brought an action for injunctive relief related to the conditions of his confinement under 42 U.S.C. § 1983. *See Muhammed v. Close*, 540 U.S. 749, 750 (2004).

3

institution generally renders his claims for injunctive relief moot. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1081 (5th Cir. 1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

To the extent that Andrus challenges a condition of his supervised release related to internet access, the Court also lacks jurisdiction to consider this claim. "[A] § 2241 petition that attacks errors that occurred at trial or sentencing is properly construed under § 2255." *Sandlin v. U.S. Attorney Gen.*, 2009 WL 10695193, at *2 (E.D. Tex. May 30, 2009*), rec. accepted* 2009 WL 10695194 (E.D. Tex. Aug. 12, 2009); *see also Matthews v. United States*, 378 F. App'x 451, 452-53 (5th Cir. 2010) (per curiam) (finding that the district court properly dismissed federal prisoner's § 2241 petitions challenging his supervised release term and certain conditions of his supervised release because a § 2241 petition that challenges the validity of a federal sentence is properly construed as a § 2255 petition and petitioner did not meet the requirements of the saving clause); *White v. United States*, 2023 WL 8793031, at *3 (S.D. Ala. Oct. 13, 2023) ("A prisoner's claim that challenges the legality or constitutionality of a supervised release condition cannot proceed under § 2241 because the prisoner could have raised this claim in a § 2255 motion.") (citing *United States v. McClamma*, 676 F. App'x 944, 948 (11th Cir. 2017) (per curiam) ("Congress . . . limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct

appeal, (2) § 2255 habeas corpus relief, and (3) within [fourteen] days of the district court's decision, Rule 35[(a)] motion.") (further citations omitted).

Andrus could only proceed through § 2241 if he met the requirements of the savings clause of § 2255(e). *See Matthews*, 378 F. App'x at 452. He bears the burden of showing that "the remedy by motion [under § 2255] is inadequate or ineffective to the legality of his detention." 28 U.S.C. § 2255(e). He fails to make that showing; therefore, any challenge to a condition of his supervised release must be analyzed under § 2255. *See id.* at 452-53.

Considering Andrus's petition under § 2255, there are two critical, jurisdiction-precluding problems. First, the motion is successive. Andrus previously filed a § 2255 motion in the Southern District of Texas. *See United States v. Edwin Oland Andrus*, No. 5:17-cr-00078-1 (S.D. Tex. Apr. 18, 2017); Doc. 98. A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel in the appropriate court of appeals before it can be heard in the district court. *See In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). There is no sign that the Fifth Circuit authorized Andrus to file a successive motion. Thus, the Court lacks jurisdiction over a successive § 2255 motion. *See, e.g.*, *White*, 2023 WL 8793031, at *3 (dismissing a § 2241 petition challenging lack of internet access as a condition of supervised release because the petition was properly construed as a § 2255 motion, and, so construed, the motion was an unauthorized successive petition).

5

Second, a movant must file his § 2255 motion in the court where he was convicted and sentenced. 28 U.S.C. § 2255(a) (stating that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence"); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("A section 2255 motion must be filed in the sentencing court"). Only the sentencing court has jurisdiction over § 2255 motions involving errors that occurred before or during sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (noting that only the sentencing court had jurisdiction to address a § 2255 motion).

Andrus was sentenced in the Southern District of Texas, so only that court would have jurisdiction over his § 2255 motion.

## Recommendation

Because the Court lacks jurisdiction over Andrus's claim for relief—whether viewed as a complaint about his conditions of confinement or a challenge to a condition of his supervised release—it should dismiss his habeas application without prejudice.

Signed September 27, 2024.

                                             REBECCA RUTHERFORD
                                             UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*